1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   DANIEL G.,[1]                        Case No. 5:18-02224-GJS

12            Plaintiff

13       v.                               **MEMORANDUM OPINION AND**
                                          **ORDER**
14   ANDREW M. SAUL, Commissioner
     of Social Security,[2]

15            Defendant.

16

17              **I.    PROCEDURAL HISTORY**

18       Plaintiff Daniel G. ("Plaintiff") filed a complaint seeking review of the

19   decision of the Commissioner of Social Security denying his applications for

20   Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

21   [Dkt. 1.]  The parties filed consents to proceed before the undersigned United States

22   Magistrate Judge [Dkts. 11 & 12] and briefs addressing disputed issues in the case

23   [Dkt. 22 ("Pl.'s Br."), Dkt. 23 ("Def.'s Br.") & Dkt. 24 ("Pl. Rep.")].  The Court has

24   _____

25

26   [1]     In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party in this case.

27

28   [2]     Andrew M. Saul, the Commissioner of Social Security, is substituted as
     defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

1  taken the parties' briefing under submission without oral argument.  For the reasons

2  discussed below, the Court finds that this matter should be remanded.

## II.  ADMINISTRATIVE DECISION UNDER REVIEW

4      In April 2014, Plaintiff filed applications for DIB and SSI.  [Dkt. 17,

5  Administrative Record ("AR") 15, 286-92, 295-96.]  Plaintiff alleged disability

6  commencing on January 6, 2016.[3]  [AR 15, 37-38.]  Plaintiff's claims for benefits

7  were denied initially and upon reconsideration.  [AR 155-59, 165-69.]  A hearing

8  was held before Administrative Law Judge Joseph P. Lisiecki III ("the ALJ") on

9  September 24, 2017.  [AR 36-74.]

10     On October 4, 2017, the ALJ issued an unfavorable decision applying the

11 five-step sequential evaluation process for assessing disability.  [AR 15-26]; *see* 20

12 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).  At step one, the ALJ concluded

13 that Plaintiff had not engaged in substantial gainful activity since the alleged onset

14 date of January 6, 2016.  [AR 18.]  At step two, the ALJ found that Plaintiff has the

15 following severe impairments:  bipolar disorder; status-post right hand partial

16 amputation of the second and fifth digits; bilateral knee osteoarthritis; cervical and

17 lumbar degenerative disc disease; obesity; sleep apnea; and a history of deep vein

18 thrombosis.  [*Id.*]  At step three, the ALJ determined that Plaintiff did not have an

19 impairment or combination of impairments that meets or medically equals the

20 severity of one of the listed impairments.  [*Id.*]; *see* 20 C.F.R. part 404, subpart P,

21 appendix 1.  Next, the ALJ found that Plaintiff had the residual functional capacity

22 ("RFC") for a range of medium work and was able to:  lift and carry 50 pounds

23 occasionally and 25 pounds frequently; stand and walk 6 hours in an 8-hour

24 workday; sit for 6 hours in an 8-hour workday; perform postural activities

---

27 [3]      Plaintiff initially alleged disability beginning on January 1, 2013.  [AR 15, 37,
28 286, 295.]  Plaintiff amended his alleged onset date to January 6, 2016, due to
documentation of his drug and alcohol abuse prior to that date.  [AR 15, 37-38.]

frequently; handle, finger, feel, and reach overhead and all other directions with the right dominant upper extremity frequently; operate foot controls bilaterally frequently; and interact with coworkers, supervisors, and the general public occasionally. [AR 20 (citing 20 C.F.R. §§ 404.1567(c), 416.967(c)).] The ALJ further found that Plaintiff was limited to performing simple and object-oriented tasks and was precluded from climbing ladders, ropes, and scaffolds and performing work involving dangerous moving machinery, unprotected heights, humidity, wetness, dusts, odors, fumes, pulmonary irritants, and extremes in cold or heat. [AR 20.] At step four, the ALJ found that Plaintiff was not able to perform his past relevant work as a tile setter. [AR 24.] At step five, the ALJ found that Plaintiff was capable of performing other work that exists in significant numbers in the economy, including the representative occupations of laundry worker, food service worker, and warehouse worker. [AR 25.]

The Appeals Council denied review of the ALJ's decision on August 30, 2018. [AR 1-3.] This action followed.

Plaintiff raises the following arguments: 1) the ALJ failed to properly consider medical opinion evidence in assessing Plaintiff's mental and physical impairments; 2) the ALJ failed to cite sufficient reasons for rejecting Plaintiff's subjective symptom testimony; 3) the ALJ failed to properly consider third-party testimony; and 4) the ALJ's finding that Plaintiff could perform other work was not supported by substantial evidence. [Pl. Br. at 3-16; Pl. Rep. at 1-5.] Plaintiff requests reversal and remand for payment of benefits or, in the alternative, remand for further administrative proceedings. [Pl. Br. at 17.] The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 3-17.]

## III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial

3

evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV.    DISCUSSION

### A.  Medical Opinion Evidence

Plaintiff contends the ALJ erred by failing to properly consider the medical opinion evidence, including the opinion of his treating psychiatrist Dau Nguyen, M.D. [Pl. Brief at 3-8; Pl. Rep. at 1-3.] The Court agrees.

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion and an examining physician's opinion is entitled to more weight than a nonexamining physician's

opinion.[4]  *See Lester*, 81 F.3d at 830.  "The medical opinion of a claimant's treating physician is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (internal quotation marks and citation omitted).

An ALJ must provide "clear and convincing" reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31).  Where such an opinion is contradicted, however, an ALJ may reject it only by stating "specific and legitimate" reasons supported by substantial evidence.  *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31); *Trevizo*, 871 F.3d at 675.  The ALJ can satisfy this standard by "'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'"  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *see also* 20 C.F.R. §§ 404.1527(c)(2)-(6) (when a treating physician's opinion is not given controlling weight, factors such as the nature, extent, and length of the treatment relationship, the frequency of examinations, the specialization of the physician, and whether the physician's opinion is supported by and consistent with the record should be considered in determining the weight to give the opinion),

_____

[4]  For claims filed on or after March 27, 2017, the opinions of treating physicians are not given deference over non-treating physicians.  *See* 20 C.F.R. §§ 404.1520c (providing that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"), 416.920c; 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016).  Because Plaintiff's claim was filed before March 27, 2017, the medical evidence is evaluated pursuant to the treating physician rule discussed above.  *See* 20 C.F.R. §§ 404.1527, 416.927; [Def. Br. at 2 n.3.]

1    416.927(c)(2)-(6) (same).

2         Plaintiff began receiving treatment at the San Bernardino Department of

3    Behavioral Health in May 2016.  [AR 1085.]  Dr. Nguyen was one of Plaintiff's

4    physicians.  [AR 1062-67.]  Dr. Nguyen's records reflect that Plaintiff often had a

5    depressed and anxious mood with a constricted affect and sometimes complained of

6    sleep issues.  [AR 1062-67.]  In September 2017, Dr. Nguyen completed a mental

7    impairment questionnaire.[5]  [AR 1115-19.]  He diagnosed Plaintiff with bipolar

8    disorder, unspecified and stated that Plaintiff suffers from "episodic flare ups of

9    severe depression."  [AR 1115.]  Dr. Nguyen cited numerous clinical findings to

10   demonstrate the severity of Plaintiff's mental impairment and symptoms, including

11   poor memory, somatic complaints, sleep disturbance, severe depressed mood, poor

12   ability to complete activities of daily living, anxiety, daily crying spells, episodic

13   flare ups, social isolation, poor ability to sustain concentration to complete tasks or

14   organize a plan to complete tasks, and lack of energy.  [AR 1115.]  Dr. Nguyen also

15   noted that Plaintiff's psychiatric condition exacerbated Plaintiff's pain and physical

16   symptoms, which included knee pain, sleep apnea, hypertension, deep vein

17   thrombosis (legs), pain with movement, and obesity.  [AR 1117.]  Dr. Nguyen

18   opined that Plaintiff had "moderate" limitations in the ability to understand,

19   remember or apply information, "marked" limitations in the ability to interact with

20   others, "marked" limitations in the ability to concentrate, persist, or maintain pace,

21   and "extreme" limitations in the ability to adapt or manage himself.  [AR 1117.]  Dr.

22   Nguyen further found that Plaintiff had a "[m]edically documented history of a

23   _____

24

25   [5]     The mental impairment questionnaire reflects that Dr. Nguyen dictated his
     responses to clinical therapist Julie Myers, Ph.D.  [AR 1119.]  Dr. Myers did not
26   sign the questionnaire and there is no indication in the record that she examined
     Plaintiff, reviewed Plaintiff's medical records, or expressed any opinion regarding
27   Plaintiff's impairments.  Therefore, to the extent Plaintiff may be alleging that the
     ALJ improperly rejected Dr. Myer's opinion, his claim is rejected as conclusory and
28   unsupported by the record.

chronic organic mental … or affective disorder of at least 2 years' duration with evidence of both:  [m]edical treatment [or] mental health therapy … that diminishes the symptoms and signs of the mental disorder; and [m]arginal adjustment, that is, … minimal capacity to adapt to changes in [ ] one's environment or to demands that are not already part of one's daily life."  [AR 1118.]  Dr. Nguyen concluded that Plaintiff's impairments or treatment would cause him to be absent from work "more than four days per month" due to "episodic flare ups of severe depression and/or mood lability . . . lasting 3 days to several weeks."  [AR 1118.]

The ALJ gave "little weight" to Dr. Nguyen's opinion.  [AR 23.]  The ALJ found that "the level of impairment alleged [was] not consistent with the other objective medical evidence of record," as it "[did] not match the claimant's presentation to the other treating sources."  [AR 23.]  The ALJ also stated that Dr. Nguyen's assessment was inconsistent with Plaintiff's "presentation" to his regular treating physician, Dr. Gilbert Zini, which demonstrated that he was "doing well psychiatrically and that the treatment [was] effective in controlling his symptoms." [AR 23, 1020-22, 1025-26.]  The ALJ failed to state legitimate reasons for rejecting Dr. Nguyen's opinion.

First, the ALJ's broad and conclusory statements that Dr. Nguyen's findings were "not consistent with the other objective medical evidence of record" and did not "match" Plaintiff's "presentation to the other treating sources" were not specific and legitimate reason for discounting Dr. Nguyen's opinion.  *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (same).

7

Second, the ALJ's assertion that Dr. Nguyen's opinion was inconsistent with Dr. Zini's alleged findings that Plaintiff's symptoms were controlled with treatment merely stated a conflict in the medical evidence, which triggered, rather than satisfied, the ALJ's obligation of stating specific, legitimate reasons for rejecting Dr. Nguyen's treating opinion. *See Bayliss*, 427 F.3d at 1216; *Trevizo*, 871 F.3d at 675; *Wood v. Colvin*, No. EDCV 16-534-E, 2016 WL 5496267, at \*2 (C.D. Cal. Sept. 28, 2016). Moreover, a review of Dr. Zini's records shows that despite describing Plaintiff as "doing well" on two occasions, Dr. Zini also reported that Plaintiff experiences depression, anxiety, and chronic fatigue. [AR 1021, 1025, 1109, 1111-12.] It was improper for the ALJ to rely on isolated signs of alleged improvement in Dr. Zini's records to discredit Dr. Nguyen's opinion. *See*, *e.g.*, *Garrison*, 759 F.3d at 1017 (reasoning that the ALJ cannot rely on isolated evidence of improvement when the record as a whole shows continuing cycles of debilitating and less severe symptoms); *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("[i]t is the nature of bipolar disorder that symptoms wax and wane over time."); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated.").

Accordingly, the ALJ's reasons for rejecting Dr. Nguyen's opinion were not specific and legitimate or supported by substantial evidence in the record. Remand is warranted on this issue.

## V.    REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo*, 871 F.3d at 682. Where no useful purpose would be served by further proceedings and the record has been fully developed, it may be appropriate to exercise this discretion to direct an immediate award of benefits. *See id*. at 682-83. But where there are outstanding issues that must be resolved before a determination

of disability can be made or it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Garrison*, 759 F.3d at 1021 (if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings).

In this case, there are outstanding issues that must be resolved before a final determination can be made. Because the ALJ failed to provide specific and legitimate reasons for discounting Dr. Nguyen's opinion, the record is not fully developed, Plaintiff's entitlement to benefits remains unclear, and remand for further administrative proceedings would be useful. *See Garrison*, 759 F.3d at 1020-21. On remand, the ALJ should conduct a review of the entire record in a manner that is consistent with the Court's findings.[6]

**IT IS ORDERED.**

DATED: February 11, 2020 _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

_____

[6] As this matter is being remanded for further consideration of Dr. Nguyen's opinion, the Court declines to reach the remaining issue concerning the ALJ's evaluation of Dr. Zini's opinion, Plaintiff's subjective symptom testimony, third-party opinion testimony, and Plaintiff's ability to perform other work. [Pl. Br. at 8-16; Pl. Rep. at 3-5.] However, the ALJ should consider Plaintiff's additional contentions of error when evaluating the evidence on remand.